UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ANWAR YEHIA YAFFAI,

    Petitioner,

v.

R. L. MORRISON, Warden, Duluth Federal Prison Camp, and the Federal Bureau of Prisons

    Respondent.

---

Civil No. 06-0102 (JRT/JSM)

**REPORT AND RECOMMENDATION**

JANIE S. MAYERON, United States Magistrate Judge

    This matter is before the undersigned Magistrate Judge of the District Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the Bureau of Prisons ("BOP") has wrongly determined the date when he should be transferred from prison to a Residential Reentry Center ("RRC")[1] and that the BOP should be required to grant him consideration for additional RRC time in accordance with 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and 570.21. The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court concludes that this Petition should be denied as moot.

    Petitioner is a prisoner at the Federal Prison Camp in Duluth, Minnesota. He is serving a 30-month sentence for Interstate Travel to Promote Drug Trafficking and Aiding and Abetting in violation of 18 U.S.C. § 1952(A)(3)(a). Pet.'s Memo at 2. Petitioner has a

---

[1] Until recently, RRCs were known as Community Corrections Centers ("CCCs") and commonly referred to as halfway houses.

projected release date of July 3, 2007.  Kinyon Decl. at ¶ 3.  Under 28 C.F.R. §§ 570.20 and .21, Petitioner's original RRC eligibility date was April 16, 2007 but, because his release date is not until July 2007, no final decision was made.  Id. at ¶ 4.  Petitioner asks this Court to require the BOP to consider him for up to six months of RRC placement, to issue a declaratory judgment finding §§ 570.20 and .21 invalid, and to find that the BOP is collaterally estopped from using §§ 570.20 and .21.  Pet.'s Memo at 6.  The Government filed a supplemental response asserting that the BOP will reevaluate Petitioner's RRC eligibility 11 to 13 months before his release according to Program Statement 7310.04 and without regard to §§ 570.20 and .21.  Gov't Supp. Resp. at 4.

At issue in this case is the propriety of regulations enacted by the BOP to address the transfer of inmates to RRCs or home confinement prior to release from custody from prison.

18 U.S.C. § 3624(c) states:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last ten per centum of the term to be served under conditions that will afford the Prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3621(b) directs the BOP to consider the following factors in determining whether to place an inmate in a RRC or in home confinement:

1) the resources of the facility contemplated;
2) the nature and circumstances of the offense;
3) the history and characteristics of the prisoner;
4) any statement by the court that imposed the sentence –
   A. concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
   B. recommending a type of penal or corrections facility as appropriate; and
5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.

On February 14, 2005, the BOP adopted 28 C.F.R. §§ 570.20 and .21, which categorically limited an inmate's eligibility for pre-release to community confinement during the last ten percent of the prison sentence being served, not to exceed six months.

On April 6, 2006, the Eighth Circuit declared §§ 570.20 and .21 invalid and in conflict with 28 U.S.C. § 3621(b). <u>Fults v. Sanders</u>, 442 F.3d 1088, 1092 (8th Cir. 2006). The Eighth Circuit held that the BOP may not categorically determine the amount of time that a prisoner will be allowed to spend in community confinement but, in order to comply with 28 U.S.C. § 3621(b), must instead exercise its discretion on a case-by-case basis and consider the particular circumstances of the individual prisoner.

In light of the <u>Fults</u> decision, the BOP acknowledged that it has changed its position in the Eighth Circuit. Gov't Supp. Resp. at 2. In this regard, the Government asserts that the BOP no longer follows §§ 570.20 and .21, and instead adheres to the BOP's pre-2002 guidelines, as set forth in Program Statement 7310.04, *Community Corrections Center (CCC) Utilization and Transfer Procedures*, December 16, 1998. <u>Id</u>. According to the Government, Program Statement 7310.04 allows for direct commitment to a RRC and does not limit RRC placement to six months or ten percent of the sentence, which ever is less. <u>Id</u>. In addition, Program Statement 7310.04 bases the RRC determination on a number of individualized factors. <u>Id</u>. citing Program Statement 7310.04 at 7-8.

As a result of the changes made to BOP's policy, the Government has stated that it does not oppose the instant Petition to the extent that it seeks BOP reconsideration of the date on which Petitioner should be assigned to an RRC without regard to §§ 570.20 and .21. Gov't Supp. Resp. at 3. Accordingly, the Government asserts that Petitioner will be considered for release to a RRC 11 to 13 months prior to his projected release date according to Program Statement 7310.04 and without regard to §§ 570.20 and .21. Gov't

3

Supp. Resp. at 4. Because Petitioner's assignment to a RRC will be considered in light of the criteria set forth in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and .21, his Petition is moot.

**RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be **DENIED** as moot. The BOP has committed to conduct Petitioner's RRC placement without regard to §§ 570.20 and .21 and consistent with Program Statement 7310.04. Petitioner has already obtained all the relief he is entitled to under 18 U.S.C. § 3621(b).

Dated:      August 2, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 21, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.