## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ANWAR YEHIA YAFFAI,<br><br>Petitioner,<br><br>v.<br><br>R.L. MORRISON, Warden,<br><br>Respondent. | Civil No. 06-102 (JRT/JSM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Anwar Yehia Yaffai, # 32061-039, Duluth Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814, petitioner *pro se*.

Michael L. Cheever, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner Anwar Yaffai ("Yaffai") is serving a 30-month sentence at the Federal Prison Camp in Duluth, Minnesota. Petitioner filed an application for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that the Bureau of Prisons ("BOP") had improperly calculated the number of days petitioner was entitled to serve in a Residential Reentry Center ("RPC"). Specifically, petitioner argued that BOP's application of 28 C.F.R. §§ 570.20 and 570.21 in determining his eligible time in the RPC was contrary to 28 U.S.C. § 3621(b). In a Report and Recommendation dated August 2, 2006, United States Magistrate Judge Janie S. Mayeron recommended that this Court deny as moot petitioner's application, finding that the BOP had conformed its review procedures to comply with § 3621(b). The Court has conducted a *de novo* review of petitioner's

objection under 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b).  For the following reasons, this Court adopts the Magistrate Judge's Report and Recommendation.

Yaffai argues that the BOP improperly relied on §§ 570.20 and 570.21 in determining that he was eligible for approximately 75 days of RPC confinement.  Under 28 C.F.R. §§ 570.20 and 570.21, the BOP categorically limited an inmate's eligibility for RPC confinement to the last ten percent of his prison sentence, not to exceed six months of RPC confinement.  Under federal statute, however, the BOP must consider multiple factors in determining an inmate's eligibility for RPC confinement, including the resources of the facility, the nature and circumstances of the offense, and the history and characteristics of the prisoner.  *See* 18 U.S.C. § 3621(b).  In April 2006, the Eighth Circuit held that a categorical determination of RPC eligibility under §§ 570.20 and 570.21 was in conflict with the discretionary factors of § 3621(b).  *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006).  *Fults* therefore held that the BOP regulations were invalid.  *Id.*

The government replied to the petition by stating that it intended to reevaluate petitioner's eligibility for release to an RPC using the § 3621(b) factors, without regard to §§ 570.20 and 570.21.  The Magistrate Judge concluded that because BOP indicated it would reevaluate petitioner under § 3621(b), this Court should deny the § 2241 petition as moot. Petitioner now objects to the Report and Recommendation on grounds that the BOP has failed to conduct the reevaluation as promised.  However, petitioner's objection was filed just seven days after the Magistrate Judge issued the Report and Recommendation.  Since then, the BOP has reevaluated petitioner's eligibility using the

§ 3621(b) factors and without regard to the invalid BOP regulations. (*See* Decl. of David Baker, at 1-3.)  Because the petition no longer presents a live case or controversy in light of the BOP's reevaluation under § 3621(b), the Court finds that petitioner's claim is moot.  *See Ali v. Cangemi*, 419 F.3d 722, 723-24 (8th Cir. 2005) (stating that issues are moot under Article III when they "lose their life because of the passage of time or a change in circumstances ... and a federal court can no longer grant effective relief").  The Court therefore agrees with the Magistrate Judge's recommendation that the petition be denied as moot.

### ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objection [Docket No. 14] and **ADOPTS** the Magistrate Judge's August 2, 2006 Report and Recommendation [Docket No. 13].  Accordingly, **IT IS HEREBY ORDERED** that Yaffai's petition for a writ of habeas corpus is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  November 27, 2006  
at Minneapolis, Minnesota.

        s/ John R. Tunheim  
        JOHN R. TUNHEIM  
        United States District Judge